Richard Mark CUTCLIFFE, Vicki Cut-
cliffe, George Raggio, Jr., Carole Rag-
gio, Plaintiffs–Counter–Defendants–Ap-
pellants.

v.

Ronald COCHRAN, as Sheriff of Broward
County, Florida, Norman Botsford, indi-
vidually, Defendants–Counter–Claim-
ants–Appellees.

Nos. 95–4982, 95–5176.

United States Court of Appeals,
Eleventh Circuit.

Nov. 14, 1997.

Bruce S. Rogow, Beverly A. Pohl, Ft.
Lauderdale, FL, for Plaintiffs–Counter–De-
fendants–Appellants.

Charles T. Whitelock, Carmen M. Rodri-
guez, Whitelock & Williams, Ft. Lauderdale,
FL, for Defendants–Counter–Claimants–Ap-
pellees.

ON PETITION FOR REHEARING
EN BANC

(Opinion July 29, 1997, 11th
Cir., 117 F.3d 1353)

Before HATCHETT, Chief Judge, and
TJOFLAT, ANDERSON, EDMONDSON,
COX, BIRCH, DUBINA, BLACK, CARNES
and BARKETT, Circuit Judges.

PER CURIAM:

The Court having been polled at the re-
quest of one of the members of the Court
and a majority of the Circuit Judges who are
in regular active service not having voted in
favor of it (Rule 35, Federal Rules of Appel-
late Procedure; Eleventh Circuit Rule 35–5),
the Suggestion of Rehearing En Banc is
DENIED.

BARKETT, Circuit Judge, dissenting:

I respectfully dissent from the court's de-
nial of en banc rehearing in this case. For
the reasons articulated in the majority opin-
ion, I believe that this court's opinion in
*Terry v. Cook,* 866 F.2d 373 (11th Cir.1989),
is at odds with Supreme Court precedent. I
also believe that en banc consideration is
necessary to clarify the law in this circuit as
to the permissibility of political patronage
dismissals of any and all deputy sheriffs un-
der the First Amendment in light of *Elrod v.
Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49
L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445
U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574
(1980). Our confusion on this issue is appar-
ent from our opinions in *Terry* and, most
recently, *Brett v. Jefferson County,* 123 F.3d
1429 (11th Cir.1997).

The *Terry* court concluded that a sheriff
possesses "absolute authority" to decline to
reinstate any deputy sheriffs who did not
support him politically because "loyalty to
the individual sheriff and the goals and poli-
cies he seeks to implement ... is an appro-
priate requirement for the effective perfor-
mance of a deputy sheriff." *Terry,* 866 F.2d
at 377. Thus, *Terry* appears to conflict with
the Supreme Court's directive in *Branti* that
in determining whether political affiliation is
a legitimate requirement for a particular
type of government employment,

> the ultimate inquiry is not whether the
> label "policymaker" or "confidential" fits a
> particular position; rather, the question is
> whether the hiring authority can demon-
> strate that party affiliation is an appropri-
> ate requirement for the effective perfor-
> mance of the public office involved.

*Branti,* 445 U.S. at 518, 100 S.Ct. at 1295.

Nonetheless, the majority opinion in *Cut-
cliffe* applied *Terry* to preclude an identical
political patronage dismissal claim, as only
the en banc court can reverse a prior panel
decision. Shortly after *Cutcliffe* was decided,
however, this court decided *Brett v. Jefferson
County.* In *Brett,* as in *Cutcliffe,* upon tak-
ing office, a newly elected sheriff declined to
reappoint four deputy sheriffs who failed to
support him in the primary election and who
actively supported his opponent. The sheriff
conceded that his decision not to reappoint
the deputies "was based on their speech and
actions during the election," *Brett,* 123 F.3d
at 1431, and the deputy sheriffs filed a com-
plaint alleging, *inter alia,* that the denial of
reappointment for political patronage reasons
violated their First Amendment rights.

Finding that the district court erred in disposing of the deputy sheriffs' First Amendment claim on summary judgment without applying either the *Elrod–Branti* or the *Pickering* balancing test, the court remanded the case "for additional fact finding so that the district court can decide which test properly to apply in the First Amendment analysis." *Id.* at 1433. Significantly, the court did not view the deputy sheriffs' patronage dismissal claim as precluded by this court's prior opinions in *Terry* and *Cutcliffe*, although the claim raised by the plaintiffs in *Brett* is virtually identical to the claim raised in *Cutcliffe*.

Although, as Judge Harris observed in his special concurrence in *Cutcliffe*, recent statutory changes in Florida law make it unlikely that this issue will recur in that state,[1] that this issue will likely recur in this circuit is evidenced by the fact that *Terry* was an Alabama case, while *Brett* arose in Georgia. Accordingly, because I regard our precedent in this area as both in conflict with Supreme Court precedent and internally inconsistent, I believe that this is precisely the kind of case that merits en banc consideration.

---

1. Since 1995, Chapter 30.078 of the Florida Statutes has provided:

When a newly elected or appointed sheriff assumes office, the incoming sheriff may not terminate the employment of any deputy sheriff covered by §§ 30.071—30.079 for lawful off-duty political activity or for a discriminatory reason. The incoming sheriff may replace deputy sheriffs assigned to managerial, confidential, or policymaking positions or part-time deputy sheriffs.

